BUCHALTER
A Professional Corporation
WILLMORE F. HOLBROW III (SBN: 169688)
GABRIEL G. GREEN (SBN: 222445)
MICHAEL J. WORTH (SBN: 291817)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: wholbrow@buchalter.com
       ggreen@buchalter.com
       mworth@buchalter.com

Attorneys for Plaintiff
DIGITAL WILL INC., a Japanese corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL WILL INC., a Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. _ 3:23-cv-04266<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1.  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**2.  INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br><br>**3.  INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**4.  NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**5.  VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**COMPLAINT FOR DAMAGES**
BN 77955890v1

Case No. 3:23-cv-04266___

Plaintiff Digital Will Inc. complains and alleges as follows:

**PARTIES**

1.      Plaintiff Digital Will Inc. ("Digital Will" or "Plaintiff") is a Japanese corporation formed and existing under and by virtue of the laws of Japan, with its principal place of business in Shibuya-Ku, Tokyo, Japan.

2.      Plaintiff is informed and believes, and on that basis alleges, that defendant Apple Inc. ("Apple" or "Defendant") is a California corporation formed and existing under and by virtue of the laws of the State of California, with its principal place of business in Cupertino, California.

**JURISDICTION AND VENUE**

3.      This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. Section 1332. The matter in controversy exceeds the sum of $75,000, exclusive of costs and interest. There is complete diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff Apple is a citizen of California and Defendant Digital Will is a citizen of Japan.

4.      Apple is subject to personal jurisdiction in this Court pursuant to California *Code of Civil Procedure* Section 410.10 because, *inter alia*, Apple is a citizen of California, operates from its principal place of business in California, maintains substantial or continuous and systemic contacts with California, has purposefully availed itself of the economic benefits of transacting business in California, and has committed tortious acts alleged herein within California.

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that one or more of the parties are located in or transact their affairs in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or the contracts that form the basis of this Complaint were to be performed in Cupertino, California, and because all the parties are subject to personal jurisdiction in this Court.

**GENERAL ALLEGATIONS**

6.      Digital Will is a Japanese headquartered software solution developer, digital marketing agency, game publisher, and product innovation lab. Digital Will develops, among other things, digital games and apps, and provides software maintenance, consulting, and other support

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
BN 77955890v1

services. Plaintiff is a small business with only six employees, and its revenue and livelihood largely depend on its ability to distribute its digital products through Apple's App Store.

7.     To that end, Digital Will maintained an Apple Developer Program ("ADP") membership (Apple Team ID F2FJ2K8N39) that was memorialized through a written Apple Developer Program License Agreement ("DPLA") between Apple and Digital Will. The ADP membership allowed Plaintiff to distribute and promote its software products (namely, its games and apps) to end users through the Apple App Store.

8.     On or about March 26, 2022, without warning and to Plaintiff's surprise, Plaintiff received a boilerplate message from Apple's App Store Review stating that Apple determined that Digital Will's ADP membership "has been used for dishonest or fraudulent activity," and thus, Plaintiff's ADP account was "flagged for removal."

9.     The boilerplate message stated that Apple found that Digital Will's ADP account was allegedly "associated with terminated developer accounts, or accounts pending termination, in direct violation of the Apple Developer Program License Agreement."

10.    Critically, Apple's message to Digital Will did not identify any such accounts that were terminated or pending termination with which Digital Will's account was allegedly associated.

11.    In fact, Apple's message did not identify any specific facts whatsoever, or any particular misconduct in which Digital Will engaged that violated the DPLA.

12.    The message further stated that Digital Will could appeal this determination within 14 days so long as it provides a written statement that thoroughly explains the issues Apple identified, the specific steps Plaintiff will take to resolve them, and any new information clarifying the issues.

13.    However, it was impossible for Digital Will to appeal and respond to "the issues [Apple] identified," when Apple had not identified any specific issues.

14.    Notably, and importantly, Plaintiff's ADP membership has never been used for dishonest or fraudulent activity.

15.     Indeed, Apple has no evidence to even suggest that Plaintiff's ADP membership was actually used for dishonest or fraudulent activity.

16.     In response to the message, Digital Will's CEO, William Bohn, submitted a written response on behalf of Digital Will to Apple, in which he explained some of Plaintiff's history with Apple.

17.     Understandably, Mr. Bohn requested that Apple provide Plaintiff with more detail regarding Apple's vague allegations that Digital Will used its account for "dishonest or fraudulent activity."

18.     Mr. Bohn explained that Apple's message came "as a complete shock" to Plaintiff, as Plaintiff had always had a fruitful relationship with Apple and that the allegations were contrary to Digital Will's company values and core mission.

19.     Mr. Bohn implored Apple to provide Plaintiff with some facts concerning the purported allegations so Plaintiff could promptly respond and resolve any issues.

20.     On or about April 1, 2022, the Apple App Store Review Board sent Plaintiff another boilerplate message indicating that Apple "thoroughly evaluated the activity" associated with Digital Will's ADP membership, completed its investigation, and determined that Digital Will's ADP membership "has been used for dishonest or fraudulent activity."

21.     This was essentially the same message Apple sent Plaintiff on March 26, 2022.

22.     The message further stated that Apple's "appeal decision is final" and that "any subsequent appeals [Plaintiff] file[s] will be closed without review."

23.     The message even went so far as to state that Apple "found a pattern of manipulative or misleading behavior that has led to the termination of [Digital Will's] Apple Developer Program membership."

24.     Again, Apple's apparently automated message was keen to levy serious allegations of misconduct and moral turpitude against Digital Will without providing any facts, examples, or details whatsoever.

25.     On or about April 5, 2022, after becoming even more deeply concerned about the matter, Mr. Bohn, on behalf of Digital Wall, called Apple Japan Developer Support, and spoke with

an Apple representative, who advised him that she could not do anything, but would forward his inquiry to the correct Apple personnel and that they would respond to him further.

26.     On or about April 7, 2022, in response to Mr. Bohn's phone call to Apple Japan Developer Support, Digital Will received a two-sentence response from the Apple Developer Program Team advising Plaintiff that, because Digital Will already submitted a "termination appeal," Apple's "termination decision is final" and Plaintiff's appeal would not be processed.

27.     In reality, Apple improperly and unilaterally deemed Plaintiff's requests for even a scintilla of information regarding the vague and baseless accusations—so Plaintiff could understand and intelligently respond to them—to be a "termination appeal."

28.     In other words, Apple failed to provide Plaintiff with any facts or details to support its unilateral termination of Plaintiff's ADP membership, and then stripped Plaintiff of any meaningful opportunity to appeal Apple's arbitrary and highly damaging termination of Plaintiff.

29.     Ultimately, on April 16, 2022, Apple emailed Plaintiff a notice of termination letter in which Apple notified Plaintiff that Apple had terminated the DPLA with Plaintiff, and again, made generic references to "dishonest and fraudulent acts relating to [the] agreement," without any specifics relating to the improper conduct.

30.     Apple's termination notice simply states, "Apple has good reason to believe" that Digital Will violated the terms of the DPLA.

31.     Apple has no evidence that Plaintiff violated the terms of the DPLA.

32.     Apple is a dominant and controlling player in the mobile app industry. It currently has 1.8 million apps available and distributes more than 4 billion apps each day.[1]

33.     Many companies and software developers, like Plaintiff, rely on Apple's App Store to operate their businesses and make a living.

34.     There is no question that Apple's flagrant and inappropriate termination of Digital Will's ADP membership would, and did, have a devastating effect on Digital Will.

---

[1] *See About the App Store*, APPLE, *available at* https://www.apple.com/app-store/ (last visited June 26, 2023).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

35.     Digital Will is a small company. Its founder's wife was pregnant with their first child while Plaintiff was dealing with this dispute. The losses Digital Will has sustained as a result of Apple's misconduct had a significant impact on its ability to pay its six employees and survive.

36.     On or about June 3, 2022, Plaintiff retained counsel to send a letter to Apple demanding, among other things, that Apple reinstate Plaintiff's ADP membership and compensate Plaintiff for its reasonable economic losses and attorneys' fees incurred for this matter.

37.     On or about August 23, 2022—over two months after Digital Will engaged counsel to send a letter to Apple—Apple reinstated Digital Will's ADP membership without providing any explanation or details to support its termination of Plaintiff in the first instance, or compensation to reimburse Plaintiff for its losses Apple caused.

38.     Apple's act of reinstating Plaintiff acknowledges that Apple terminated Digital Will's ADP membership without justification.

39.     By the time that Apple finally reinstated Digital Will's ADP membership, Digital Will had already sustained significant damages.

40.     The harm Apple causes Plaintiff could have been avoided if Apple simply communicated with Plaintiff before unilaterally and improperly terminating its account.

41.     As a result of Apple's abrupt and unjustified termination of Plaintiff's ADP account, Plaintiff's revenue from game sales went to zero for at least five months.

42.     To stay in business and remain relevant in the marketplace, Digital Will was forced to transfer its games and apps to other publishers, which resulted in Digital Will incurring significant additional costs and damage to its reputation. It further resulted in Digital Will losing app development revenue, losing its best customer, preventing it from developing for Mac and iOS, and being forced to retain counsel and needlessly incur legal fees and costs to resolve this issue with Apple.

43.     Apple's false accusations caused Digital Will's preexisting clients, partners, and contractors, who relied on the false statements, to lose trust in Digital Will and revoke their business. It created the appearance that Digital Will engaged in some unidentified impropriety. Apple's conduct caused Digital Will's partners to lose trust in Digital Will, several of which ceased

consulting with Digital Will on iOS app development. As a direct and proximate cause of Apple's actions and omissions described herein, Plaintiff has sustained damages in an amount of not less than USD $765,000 to be determined at trial.

## FIRST CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

44. Plaintiff incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

45. In California, in every contract there exists an implied covenant of good faith and fair dealing, which requires the parties to the contract to refrain from acts and omissions which may foreseeably and unfairly deprive a party of the benefits of the bargain.

46. At the times relevant to the allegations in this Complaint, Plaintiff and Defendant had in effect a written agreement (the DPLA), whereby Digital Will agreed to, among other things, use Apple Software to develop its apps and distribute them via the Apple App Store and refrain from committing any acts intended to interfere with any of the Apple Software or Services, or Apple's business practices, and Apple agreed to, among other things, allow Digital Will to so develop, distribute, and monetize its games and apps.

47. Plaintiff has fully performed all conditions, covenants, and promises required of it to be performed in accordance with the terms and conditions of the DPLA, except for those conditions, covenants, and promises that Plaintiff was excused from performing due to Defendant's breaches.

48. Defendant has unfairly interfered with Plaintiff's right to use Apple Software to develop its apps, and distribute and monetize them, via the Apple App Store by (1) falsely accusing Digital Will of engaging in "dishonest or fraudulent activity," associating with "terminated developer accounts or accounts pending termination," participating in "a pattern of manipulative or misleading behavior," and directly violating the terms of the DPLA when Apple knew those accusations were false; (2) failing and refusing to provide Digital Will with any facts, details, documents, or information to substantiate Defendant's allegations in response to Digital Will's multiple requests; (3) deceptively and unfairly characterizing Digital Will's requests for

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

information from Apple as "appeals" to summarily determine Digital Will had exhausted Apple's termination appeal procedure; (4) abruptly and unilaterally terminating the DPLA and Digital Will's ADP membership without justification; and (5) unreasonably delaying in reinstating Plaintiff's ADP membership.

49.     As a direct and proximate cause of Defendant's wrongful conduct and omissions, including, unfairly depriving Plaintiff of the benefits of its bargain. Plaintiff has been damaged, in an amount of not less than USD $765,000 to be determined at trial

50.     Plaintiff has been damaged, in an amount of not less than USD $765,000 to be determined at trial.

## SECOND CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations

51.     Plaintiff incorporates by reference paragraphs 1 through 50 above as though fully set forth herein.

52.     At all times relevant to the allegations in this Complaint, Plaintiff had valid contracts with its existing customers, partners, and contractors, including, but not limited to, Avex and Spartan Race, Inc., whereby Plaintiff agreed to provide products and services, including, but not limited to, games and app products, and software and app development, maintenance, consulting, and other support services, and Plaintiff's existing customers, partners, and contractors agreed to pay Plaintiff for the respective products and services.

53.     Defendant knew of the above referenced contracts between Plaintiff and its existing customers, partners, and contractors. Indeed, upon information and belief, as Apple owns, controls, and operates the App Store, at all times relevant to the allegations herein, Apple had access to records and other data identifying the existence of Plaintiff's customers that purchased Plaintiff's games and app products through Apple's App Store, and Plaintiff had informed Defendant of the existence of Plaintiff's other customers, partners, and contractors with which Plaintiff had valid contracts.

54.     Defendant's conduct prevented Plaintiff from performing under its contracts or made performance thereunder more expensive or difficult. Indeed, Apple unilaterally and abruptly

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
BN 77955890v1

**COMPLAINT FOR DAMAGES**                                    Case No. 3:23-cv-04266___

revoked Plaintiff's ADP membership without justification, terminated the DPLA, prevented Plaintiff from delivering its games and apps to existing customers through the App Store that Plaintiff would have otherwise been able to continue monetizing, and disrupted its contracts with its existing customers, partners, and contractors that prevented Plaintiff from providing them with the products and services for which they contracted.

55.     In engaging in the acts and omissions described herein, Defendant intended to disrupt the performance of these contracts or knew that disruption of performance was certain or substantially certain to occur. Apple dominates that app space and, when it provided Digital Will with an ADP membership, was aware that Digital Will is a software developer whose business model and revenue streams depend on access to the App Store, and the ability to use Apple software under the DPLA.

56.     Based on Apple's stature as a world renowned technology company and trusted consumer products and software manufacturer, it knows that, by labeling any of its developers as "dishonest," "fraudulent," or "manipulative," it is substantially certain to destroy the trust and confidence of that developer's customers and partners, and thus, the contracts upon which that trust and confidence rely.

57.     As a result of Defendant's conduct, Plaintiff's contracts with its customers, partners, and contractors were disrupted. For example, without limitation, Plaintiff was expelled from the App Store for at least five months. Avex terminated its monthly services agreement with Plaintiff due to Apple's false allegations that Plaintiff engaged in "dishonest and fraudulent acts." Avex further terminated its development of proprietary apps with Plaintiff. Spartan Race, Inc. terminated its long-standing contract with Plaintiff.

58.     As a direct and proximate result of Defendant's conduct, Digital Will was harmed, in ways including, but not limited to, lost revenue and other business losses, damage to its reputation and goodwill, additional costs incurred for migrating to other game publishers to permit the games' user base to continue using Digital Will's games, additional labor costs, and legal fees and costs.

59.     Defendant's conduct was a substantial factor in causing Digital Will's harm.

60.     Defendant's actions as alleged herein were willful, wanton, malicious and oppressive, and were undertaken with knowledge of their illegality, thus justifying an award of exemplary and punitive damages in an amount to be determined at trial to punish and to serve as an example to others to deter such conduct.

## THIRD CLAIM FOR RELIEF

### Intentional Interference with Prospective Economic Advantage

61.     Plaintiff incorporates by reference paragraphs 1 through 60 above as though fully set forth herein.

62.     At all times relevant to the allegations in this Complaint, Plaintiff had economic relationships with each of its customers, partners, and contractors that had resulted in, and probably would have continued to result in, an economic benefit to Plaintiff.

63.     Defendant knew of the business relationships Plaintiff had with its customers, partners, and contractors, including, but not limited to, the customers and end users that download and purchase Plaintiff's apps through the Apple App Store, and Plaintiff's partners and contractors, including, but not limited to, Avex and Spartan Race, Inc., which were disrupted.

64.     Defendant engaged in independently wrongful conduct, including, but not limited to, (1) knowingly making false and misleading statements alleging that Digital Will purportedly breached the DPLA, engaged in "dishonest or fraudulent activity," associated with "terminated developer accounts or accounts pending termination," and participated in "a pattern of manipulative or misleading behavior" of which Apple knew Digital Will's customers, partners, and contractors would be informed, and on which they reasonably relied to Digital Will's detriment; (2) intentionally interfering with Digital Will's contracts as set forth above; (3) failing and refusing to answer Digital Will's requests for information to give Digital Will a full and fair opportunity to resolve the purported issues; (4) refusing to allow Digital Will to meaningfully participate in Apple's "appeal" procedure; (5) terminating Digital Will's ADP membership without justification; and (6) unreasonably delaying in reinstating Plaintiff's ADP membership. Defendant's actions were further wrongful and constituted unfair trade practices in violation of *Business & Professions Code* Section 17200, *et seq*.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

65.   By engaging in the above referenced conduct, Defendant intended to disrupt Plaintiff's business relationships with its customers, partners, and contractors, or knew that disruption of those business relationships was certain or substantially certain to occur.

66.   As a direct and proximate result of Defendant's conduct, Digital Will's business relationships were disrupted and Digital Will was harmed, in ways including, but not limited to, sustaining lost revenue and other business losses, damage to its reputation and goodwill, additional costs incurred for migrating to other game publishers to permit the games' user base to continue using Digital Will's games, additional labor costs, and legal fees and costs.

67.   Defendant's conduct was a substantial factor in causing Digital Will's harm.

68.   Defendant's actions as alleged herein were willful, wanton, malicious and oppressive, and were undertaken with knowledge of their illegality, thus justifying an award of exemplary and punitive damages in an amount to be determined at trial to punish and to serve as an example to others to deter such conduct.

## FOURTH CLAIM FOR RELIEF

### Negligent Interference with Prospective Economic Advantage

69.   Plaintiff incorporates by reference paragraphs 1 through 68 above as though fully set forth herein.

70.   At all times relevant to the allegations in this Complaint, Plaintiff had economic relationships with each of its customers, partners, and contractors that had resulted in, and probably would have continued to result in, an economic benefit to Plaintiff.

71.   Defendant knew or should have known of the business relationships Plaintiff had with its customers, partners, and contractors, including, but not limited to, the customers and end users that download and purchase Plaintiff's apps through the Apple App Store, and Plaintiff's partners and contractors, including, but not limited to, Avex and Spartan Race, Inc., which were disrupted. As a result of the DPLA between Plaintiff and Defendant, Plaintiff was the beneficiary to the agreement with Defendant, and a special relationship between the parties existed such that Defendant owed Plaintiff a duty to act with reasonable care.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

72.     Defendant knew or should have known that these relationships would have been disrupted if Defendant failed to act with reasonable care.

73.     Defendant failed to act with reasonable care by engaging in the conduct described herein.

74.     Defendant engaged in independently wrongful conduct, including, but not limited to, (1) knowingly making false and misleading statements alleging that Digital Will purportedly breached the DPLA, engaged in "dishonest or fraudulent activity," associated with "terminated developer accounts or accounts pending termination," and participated in "a pattern of manipulative or misleading behavior" of which Apple knew Digital Will's customers, partners, and contractors would be informed, and on which they reasonably relied to Digital Will's detriment; (2) intentionally interfering with Digital Will's contracts as set forth above; (3) failing and refusing to answer Digital Will's requests for information to give Digital Will a full and fair opportunity to resolve the purported issues; (4) refusing to allow Digital Will to meaningfully participate in Apple's "appeal" procedure; (5) terminating Digital Will's ADP membership without justification; and (6) unreasonably delaying in reinstating Plaintiff's ADP membership. Defendant's actions were further wrongful and constituted unfair trade practices in violation of *Business & Professions Code* Section 17200, *et seq*.

75.     As a direct and proximate result of Defendant's conduct, Digital Will's business relationships were disrupted and Digital Will was harmed, in ways including, but not limited to, sustaining lost revenue and other business losses, damage to its reputation and goodwill, additional costs incurred for migrating to other game publishers to permit the games' user base to continue using Digital Will's games, additional labor costs, and legal fees and costs.

76.     Defendant's conduct was a substantial factor in causing Digital Will's harm.

## FIFTH CLAIM FOR RELIEF

### Violations of Cal. Bus. & Prof. Code § 17200, *et seq.*

77.     Plaintiff incorporates by reference paragraphs 1 through 76 above as though fully set forth herein.

**BUCHALTER**
A PROFESSIONAL CORPORATION
LOS ANGELES

**COMPLAINT FOR DAMAGES**                                                                 Case No. 3:23-cv-04266___
BN 77955890v1

78.     California *Business & Professions Code* Section 17200, *et seq*., prohibits Defendant from engaging in unlawful, unfair, or fraudulent business practices ("Unfair Competition Law"). Defendant's conduct, as further set forth above, constitutes unlawful or unfair acts prohibited by California Unfair Competition Law.

79.     Plaintiff has suffered injury in fact and has sustained lost revenue, other business losses, and damage to its reputation and goodwill, and has incurred additional costs for migrating to other game publishers, additional costs for labor, and legal fees and costs as a result of Defendant's unlawful or unfair business acts or practices.

80.     As a direct and proximate result of Defendant's unlawful or unfair business acts, Defendant has been unjustly enriched and has reaped unfair benefits at the expense of Plaintiff, which include, but may not be limited to, revenues relating to games and apps developed by Digital Will, Mac or iOS products affiliated with or serviced by Digital Will, and other remuneration and economic benefits to Apple that belong to Digital Will. Therefore, Plaintiff is entitled to an order of restitution requiring Defendant to restore to Plaintiff all sums that Defendant has acquired or otherwise realized by means of its unlawful, unfair, or fraudulent business practices. Pursuant to California *Business & Professions Code* Section 17205, all such remedies are cumulative to the relief available under all other laws.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**COMPLAINT FOR DAMAGES**
BN 77955890v1

Case No. 3:23-cv-04266___

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.  For an award of compensatory and consequential damages in an amount to be proven at the time of trial or entry of judgment, but not less than USD $765,000, plus accrued and accruing interest;

2.  For an award of exemplary and punitive damages against Defendant to be proven at trial;

3.  For attorneys' fees and costs of suit incurred herein; and

4.  For such other and further relief as the Court may deem just and proper.


DATED: August 21, 2023                    BUCHALTER
                                          A Professional Corporation


                                   By:  _____
                                          WILLMORE F. HOLBROW III
                                          GABRIEL GREEN
                                          MICHAEL J. WORTH
                                          Attorneys for Plaintiff
                                          DIGITAL WILL INC., a Japanese corporation

BUCHALTER
A Professional Corporation
Los Angeles

**COMPLAINT FOR DAMAGES**                    Case No. 3:23-cv-04266___
BN 77955890v1

1

**DEMAND FOR JURY TRIAL**

2         Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Digital Will Inc. hereby demands

3  a trial by jury on all issues so triable.

4

5  DATED:  August 21, 2023                    BUCHALTER
                                              A Professional Corporation
6

7
                                       By: _____
8                                              WILLMORE F. HOLBROW III
                                                   GABRIEL GREEN
9                                                 MICHAEL J. WORTH
                                                 Attorneys for Plaintiff
10                                       DIGITAL WILL INC., a Japanese corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**COMPLAINT FOR DAMAGES**                                Case No. 3:23-cv-04266___
BN 77955890v1